```
UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF INDIANA
      INDIANAPOLIS DIVISION
```

| | |
|---|---|
| JANSSEN ASKEW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02139-TWP-DML |
| | ) |
| WAL-MART STORES INC., | ) |
| TRACY DANIELS, | ) |
| ALONZO WISE, | ) |
| JOSEPH HUL, | ) |
| CHRIS YEARY, | ) |
| IRFAN, | ) |
| KENETRA, | ) |
| | ) |
| Defendants. | ) |

**ENTRY DIRECTING FURTHER PROCEEDINGS**

**I. Filing Fee**

The plaintiff's motion for leave to proceed without prepaying fees or costs, dkt [2], is **granted** because the Court finds that the plaintiff does not have the assets or means to pay the filing fee. She is still obligated, however, to pay the three hundred and fifty dollar filing fee associated with this action. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening of Complaint**

Plaintiff Janssen Askew has sued his former employer, Wal-Mart Stores, Inc., for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII). The Court understands that the complaint is brought against this single corporate defendant and not against any individual Wal-Mart employees. This is because Wal-Mart Stores, Inc., is the only defendant

listed in the body of the Complaint and because individual defendants cannot be sued under Title VII. Title VII limits relief to the plaintiff's "employer" as that term is defined by statute. *Evoy v. Illinois State Police*, 429 F. Supp. 2d 989, 1000 (N.D. Ill. 2006) (finding that the ADA and Title VII do not support individual liability). The **clerk is directed** to terminate Tracy Daniels, Alonzo Wise, Joseph Hul, Chris Yeary, Irfan and Kenetra as defendants on the docket.

This action has been screened as required by 28 U.S.C. § 1915(e)(2) and the shall proceed against Wal-Mart Stores, Inc., as submitted. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through July 31, 2018**, in which to identify those claims.

### III. Further Proceedings

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint filed on April 24, 2017, the attachment thereto, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### IV. Conclusion

In this action, the plaintiff's motion leave to proceed *in forma pauperis*, dkt [2], was granted, any claims thought to be brought against individual defendants were dismissed, the plaintiff was given **through July 31, 2018**, in which to identify any claims in the complaint that he believes were overlooked in this Entry, and the **clerk was designated** to issue process to Wal-Mart Stores, Inc., to answer the plaintiff's claim of discrimination and retaliation.

IT IS SO ORDERED.

Date: 7/20/2018

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JANSSEN ASKEW
1033 E. Washington St.
Indianapolis, IN 46204

Scott A. Forman
WAL-MART STORES, INC.
c/o Littler Mendelson-GSC
2301 McGee Street, 8th Floor
Kansas City, MO  64108